IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAROLYN ANN MORRIS,<br>　　Plaintiff,<br><br>v.<br><br>UT SOUTHWESTERN MEDICAL<br>CENTER HOSPITAL DALLAS, et al.,<br>　　Defendants. | §<br>§<br>§<br>§　　3:15-CV-0305-B-BK<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was automatically referred to the United States Magistrate Judge. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On January 30, 2015, Plaintiff filed a *pro se* complaint against the University of Texas Southwestern Medical Center Hospital ("UT Southwestern"), unidentified UT Southwestern Physicians and Staff, and Doctors Fatma Gul, Gray E. Goff, and James David Kinklea. She brings this action on behalf of her deceased brother, Lee Edward James, complaining of medical mistakes that ultimately led to his death on February 1, 2013. She asserts wrongful death, negligence, and medical malpractice under 42 U.S.C. §§ 1981, 1983, 1985, and 1988, and discrimination under the American with Disabilities Act (ADA) and the Rehabilitation Act. Doc. 3 at 2-3, 7-9. Plaintiff seeks monetary damages. Doc. 3 at 2, 7-10.[1]

---

[1] In answer to the questionnaire, Plaintiff concedes that she is not suing for employment discrimination despite a statement to the contrary in the complaint. Doc. 8 at 6.

1

Plaintiff asserts that on January 25, 2013, a j-tube study confirmed that her brother had a perforated bowel, which led to his death on February 1, 2013.  Doc. 3 at 3, 6.  She maintains, however, that the medical mistakes began as early as 2007, when Dr. Gul failed to recommend a routine colonoscopy.   Doc. 3 at 3.  She claims that in April 2012 her brother underwent a colonoscopy, which "revealed the presence of suspected colon malignancy," but that Defendants never provided treatment or expert consultation, even though a CT scan revealed that her brother had colon cancer.  Doc. 3 at 4.   Plaintiff also maintains that physicians at UT Southwestern failed to inform her about "a mass on his kidney."  Doc. 3 at 4.  Moreover, she avers that a j-tube (placed by Dr. Goff on August 28, 2012, to provide her brother with necessary nutrition) did not work properly and, even though it later became infected, it could not be removed, ultimately causing her brother's death.  Doc. 3 at 5.

Additionally, Plaintiff complains that her brother's death certificate listed the incorrect cause of death.  She claims that Defendants failed to acknowledge her request for an autopsy, and that this failure resulted in her brother's body being certified for cremation on February 27, 2013.  Doc. 3 at 8.  However, in answer to the Court's questionnaire, Plaintiff concedes that an autopsy was conducted and that it showed there was no cancer and that the puncturing of his intestines led to his death.  Doc. 8 at 4.  She also complains that her brother's death certificate was altered after she inquired whether an autopsy had been completed.  Doc. 3 at 8.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

      The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, Plaintiff's claims/assertions fail to state a claim on which relief can be granted.

      In answer to the Court's questionnaire, Plaintiff confirms that she is bringing a survival cause of action on behalf of her deceased brother, but also states that she is raising wrongful death and personal injury claims.  Doc. 8 at 2-3.

      A party seeking to bring a claim based on an injury to a decedent must have standing under the applicable state law.  *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004) (citing 42 U.S.C. § 1988(a) and holding that state common law is a gap-filler in the administration of civil rights lawsuits, and that a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988)).  Under Texas law a wrongful death action may only be brought by the decedent's surviving spouse, children or parents.  Tex. Civ. Prac. & Rem.Code § 71.004 (West 2015).  Plaintiff, as the sister of the

decedent, is not within the class of individuals with standing to bring an action for the decedent's wrongful death.  See Aguillard v. McGowen, 207 F.3d 226, 231 (5th Cir. 2000) (recognizing that under Texas law, siblings of decedent do not have standing to bring a wrongful death action).

While a sister could bring a survival action under Tex. Civ. Prac. & Rem.Code § 71.021 (West 2015), Plaintiff has not alleged that she is her brother's heir or that she is suing as executor of his estate for a survival action.  See Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 849, 850-51 (Tex. 2005) (holding that generally "only the estate's personal representative has the capacity to bring a survival claim," but that heirs may be entitled to sue on behalf of the estate if (1) they can prove there is no administration pending and none is necessary or (2) where a familial agreement vitiates the need for an administration of the estate).  Plaintiff only states that she was her brother's legal guardian and representative during his life.  Doc. 8 at 2.

Nevertheless, even if Plaintiff could properly bring survival claims, such claims exist only for injuries occurring during the decedent's life, and any claim of incorrect cause of death on her brother's death certificate and of failure to conduct an autopsy occurred after he died. Austin Nursing Ctr., Inc., 171 S.W.3d at 849-850.  Moreover, Plaintiff's negligence, civil rights, and discrimination claims do not state a claim upon which relief can be granted, as set out more fully below.  Additionally, Plaintiff presents no facts in support of her personal injury claims. Indeed, when asked to identify the claims that she was raising on her own behalf, she only asserts:

> I have raised the question of a wrongful death claim as well as a personal injury claim.  My brother died and cannot bring his own claim from the injuries he incurred.  Through his appointment to represent him I am bringing this claim of personal injury and wrongful death claim on behalf of Lee James deceased person,
> There was medical mistake made that lead to my brother's death while my . . . brother [was] in the hospital at UT Southwestern and under the care of the

4

> doctor's at UT Southwest, in which, are associate and contacted with the hospital. I also claim neglect, carelessness, and unskillfulness.

Doc. 8 at 3.

Accordingly, Plaintiff has failed to state plausible claims for survival, wrongful death, and personal injury causes of action.

### A. UT Southwestern and Doctors and Staff Sued in Official Capacity

Plaintiff sues UT Southwestern, a state entity. *See Minor v. Univ. of Texas Sw. Med. Ctr.*, No. 3:12-CV-0036-G BF, 2012 WL 1666465, *2 (N.D. Tex. Apr. 17, 2012) (UT Southwestern is part of the University of Texas System), *recommendation adopted*, 2012 WL 1655769 (N.D. Tex. May 10, 2012). However, Eleventh Amendment immunity bars suit against a state or state entity, regardless of whether money damages or injunctive relief is sought. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (states or state entities are not persons subject to suit under section 1983, because of the Eleventh Amendment); *Shah v. Univ. of Texas Sw. Med. Sch.*, 54 F. Supp. 3d 681, 689-690 (N.D. Tex. 2014) (finding claims against UT Southwestern barred by Eleventh Amendment immunity). Additionally, any claim against UT Southwestern's employees in their official capacity (such as the identified and unidentified doctors and staff) would also be barred by Eleventh Amendment immunity as a suit against UT Southwestern. *See Will*, 491 U.S. at 71 ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and, thus, "is no different from a suit against the State itself."). Therefore, Plaintiff has no legal basis to sue UT Southwestern and its doctors and staff in their official capacity for monetary damages, and those claims should be dismissed.

### B. UT Southwestern Doctors and Staff Sued in Individual Capacity

Even assuming Plaintiff's filings meet the pleading requirements, her claims against Doctors Gul, Goff, and Finklea and the unidentified doctors and staff (sued in their individual capacities) are either time barred or fail to state a claim upon which relief can be granted.

1. Claims Accruing on or before January 29, 2013

In *in forma pauperis* actions, the court "may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *See* [Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006)](#) (quotations and quoted case omitted). Texas' two-year personal injury limitations period, [Tex. Civ. Prac. & Rem. Code § 16.003(a) (West 2015)](#), governs causes of action under [42 U.S.C. §§ 1981, 1983, 1985, and 1988](#). *See* [Stanley, 464 F.3d at 568](#) (applying two-year limitations period to section 1983 action); [Helton v. Clements, 832 F.2d 332, 334 (5th Cir. 1987)](#) (same as to sections 1981, 1985, and 1988 actions). The same two-year limitations period applies to claims under the ADA and the Rehabilitation Act. *[Frame v. City of Arlington, 657 F.3d 215, 237 (5th Cir. 2011)](#)* (applying Texas's two-year personal-injury limitations period to action against city under ADA's Title II, which prohibits disability discrimination in the provision of public services, and Rehabilitation Act provision prohibiting disability discrimination by recipients of federal funding).

Although Plaintiff filed this suit on January 30, 2015, within two years of her brother's death on February 1, 2013, any claim that arose on or before January 29, 2013 (two years from the date of filing this action) is time barred. Plaintiff should have known the quality of the treatment her brother was receiving as of January 25, 2013. By that date, she concedes knowing that her brother's bowel had been perforated. [Doc. 3 at 3](#). Plaintiff also admits that the "medical mistakes" regarding her brother's treatment commenced as early as 2007 and continued through

early January 2013.  Doc. 3 at 3-5.  "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993); *see also* Brockman v. Texas Dep't of Criminal Justice, 397 F. App'x 18, 19-22 (5th Cir. 2010) (applying same concept to ADA claims).

Since Plaintiff should have known the quality of the treatment her brother was receiving as of January 29, 2013, all claims based on conduct accruing as of that date are time-barred.  As noted, Plaintiff was on notice of the substance of all claims stemming from her brother's treatment, including the bowel perforation at the latest by January 25, 2013.  Thus, all claims based on conduct that occurred on or before January 29, 2013, are no cognizable and should be dismissed.  *See* Jones v. Bock, 549 U.S. 199, 215 (2007) (if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

2. Remaining Claims

Considering Plaintiff's allegations concerning her brother's treatment on or after January 30, 2013, until his death on February 1, 2013, her claims also fail.  The complaint and answers to the questionnaire are completely silent about any actions or inactions of the individual defendants in late January or early February.  In addition, even when liberally construed, none of her assertions state a claim upon which relief can be granted.

Plaintiff attempts to raise a claim under 42 U.S.C. § 1981, which prohibits discrimination based on race in the making and enforcement of contracts.  To state a claim for a violation of Section 1981, a plaintiff must allege facts showing that (1) she is a member of a protected class; (2) the defendant intended to discriminate against her on the basis of race; and (3) the discrimination related to one or more activities enumerated in the statute, including the right to

make or enforce contracts.  *Felton v. Polles*, 315 F.3d 470, 483 (5th Cir. 2002), abrogated on other grounds by *Burlington N. & Santa Fe. Ry. Co. v. White,* 548 U.S. 53 (2006).

Plaintiff asserts that her deceased brother, who was elderly, disabled, and African American, "had the same rights as . . . all citizens in the United State[s]."  Doc. 8 at 4, 11.  She also maintains that "[w]hile I was sitting with my brother I was able to see how white patien[ts] were cared for and how their family did not have to pledge [sic] for their love[d] one care."  Doc. 8 at 12.  Yet, the complaint and answers to the questionnaire are devoid of any factual enhancement reasonably suggesting any possible discriminatory conduct by the individual doctors and staff on account of her brother's race.  *See Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994) (affirming dismissal of section 1981 claims because plaintiff failed to allege that the defendants discriminated against him based on race).

Plaintiff's reliance on 42 U.S.C. § 1983 fares no better.  To pursue a claim under Section 1983, a plaintiff must allege (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  However, the bare allegations of medical mistakes, negligence, and medical malpractice [Doc. 3 at 3-9] do not rise to the level of a constitutional violation.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (negligent conduct, in and of itself, does not amount to a constitutional violation).  Moreover, while Plaintiff raises a purported denial of "equal rights to medical care and treatment" in answer to the questionnaire, Doc. 8 at 13, she does not assert any facts supporting any equal protection violation.

Likewise Plaintiff's reliance on 42 U.S.C. § 1985(3) and § 1988 fails.[2]  Section 1985(3) prohibits conspiracies to deprive a person of equal protection of the laws or of equal privileges and immunities under the laws on the basis of race.  *Griffin v. Breckenridge,* 403 U.S. 88, 102–103 (1971).  Although Plaintiff vaguely references race discrimination, she does not allege that any conspiracy existed that would support a claim under section 1985(3).  *See Jackson v. Biedenharn,* 429 F. Appx. 369, 372 (5th Cir. 2011) (rejecting claim under section 1985(3) because of conclusory assertion of conspiracy).  Furthermore, 42 U.S.C. § 1988 does not provide an independent cause of action for alleged deprivations of Plaintiff's constitutional rights, but only "instructs federal courts as to what law to apply in causes of action arising under federal civil rights acts."  *Moor v. County of Alameda*, 411 U.S. 693, 703-704 (1973); *see also Brown v. McDonald Corp.*, No. 3:03-CV-0928-N, 2003 WL 21529188, at *2 (N.D. Tex. Jul. 1, 2003) (dismissing as frivolous claim under section 1988).

Additionally, Plaintiff fails to allege any facts to state a plausible claim under the ADA and the Rehabilitation Act.  Apart from mentioning the word discrimination one time, the complaint is totally silent about facts supporting any discrimination.  Furthermore, in answer to the questionnaire, Plaintiff alleges no factual enhancement to show that her brother was discriminated because of a handicap under the ADA or a federally funded program under the Rehabilitation Act.  Doc. 8 at 7-10.  Plaintiff only provides conclusory assertions that she did not

---

[2] Since sections 1985(1)-(2) relate to preventing an officer from performing duties, or intimidating a party, witness, or juror in a court proceeding, they are not relevant here.  *See* 42 U.S.C. § 1985.

9

matter as her brother's representative and that the doctors did not want to help her brother. Doc. 8 at 7-8, 10. [3]

Accordingly, Plaintiff has failed to state a claim against the individual doctors and staff that is plausible on its face.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the amended complaint be summarily **DISMISSED** with prejudice for failure to state a claim, and for seeking monetary relief against Defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED September 23, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff appears to rely on 42 U.S.C. § 12182(a), which states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation."). *See* 42 U.S.C. § 12181(7) (listing private entities considered public accommodations). The Rehabilitation Act provides that "[n]o otherwise qualified handicapped individual in the United States . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE